**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Eric Ragsdale, Appellant,

v.

Mark Keel, Chief, State Law Enforcement Division, and the State of South Carolina, Respondents.

Appellate Case No. 2019-000691

———

Appeal from Lexington County
Grace Gilchrist Knie, Circuit Court Judge

———

Opinion No. 2021-MO-009
Heard September 17, 2020 – Filed June 16, 2021

———

**REVERSED**

———

Jonathan McKey Milling and Sandra Vriesinga Moser, both of Milling Law Firm, LLC, of Columbia, for Appellant.

Adam L Whitsett, General Counsel, and Paul Thomas Ahearn, III, Litigation Counsel, of SLED; Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., all of Columbia, for Respondents.

———

**PER CURIAM:** Eric Ragsdale pled guilty to assault and battery of a high and aggravated nature (ABHAN) in 2005, an offense not enumerated for automatic registration under the South Carolina Sex Offender Registry Act (SORA). S.C. Code Ann. §§ 23-3-400 to -555 (2007 & Supp. 2020). Nevertheless, relying on SORA's catchall provision wherein lifetime registration may be imposed upon a showing of "good cause" by the solicitor, the plea court ordered registration as a condition of his sentence. S.C. Code Ann. § 23-3-430(D) (2007 & Supp. 2020). Twelve years later, Ragsdale filed suit, contending that lifetime sex offender registration is unconstitutional because it is punitive and violates the due process and equal protection clauses of our state and federal constitutions. Mark Keel, Chief of the State Law Enforcement Division (SLED), the agency responsible for operating the registry, filed a motion for summary judgment. The circuit court granted the motion, finding this Court's jurisprudence barred Ragsdale's claims.

During the pendency of this appeal, we decided *Dennis Powell v. Mark Keel*, Op. No. 28033 (S.C. Sup. Ct. filed June 9, 2021) (Shearouse Ad. Sh. No. 19), which held that lifetime registration is unconstitutional absent any opportunity for judicial review to assess a risk of re-offending. We noted the complete absence of judicial review rendered lifetime registration arbitrary, especially when "the lifetime inclusion of individuals who have a low risk of re-offending renders the registry over-inclusive and dilutes its utility by creating an ever-growing list of registrants that is less effective at protecting the public and meeting the needs of law enforcement." *Id.* at 15-16. While we determined judicial review must be afforded, we reserved the task of establishing the exact parameters of such a hearing to the General Assembly. However, we affirmed the circuit court's grant of summary judgment in favor of Powell because the record demonstrated that Powell did not pose a sufficient risk of reoffending worthy of remaining on the registry. *Id.* at 21.

Based on this Court's decision in *Powell*, we reverse the circuit court's grant of summary judgment in favor of SLED and remand for a hearing wherein Ragsdale may present evidence that he no longer poses a risk of reoffending sufficient to justify continued lifetime registration.[1]

---

[1] Although in *Powell* we acknowledged the General Assembly should determine the scope of judicial review, we nevertheless upheld the process that resulted in Powell's removal from the registry. *Id.* at 21. Thus, rather than require Ragsdale to wait until the Legislature has acted, we order the hearing on remand provide Ragsdale a similar opportunity to present evidence concerning the risk of reoffending. We also note that the record before us does not contain any information detailing the specific

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

factual allegations for the underlying ABHAN offense.  Accordingly, we express no opinion as to whether Ragsdale will be able to demonstrate that he should no longer be required to register.